UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                   Case No. 16-20611

v.                                                  Honorable Nancy G. Edmunds

ALONZO TAYLOR,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [60]**

In May of 2017, Defendant Alonzo Taylor pled guilty to conspiring with others to possess and distribute more than 500 grams of methamphetamine and substances that contained methamphetamine, in violation of 21 U.S.C. § 846. (ECF No. 32.) In February of 2018, this Court sentenced Defendant to a mandatory five-year term of imprisonment to be followed by a mandatory five-year term of supervised release. (ECF No. 48.)

Defendant was released from prison and began his term of supervised release less than two years ago, on May 13, 2020. He now moves for early termination of supervised release. (ECF No. 60.) As the basis for his motion, Defendant states he has acquired and maintained full-time employment and has had the opportunity to give back to the community by providing coats, hats, food, and toys to local families. (*Id.*) He has strong family support, a stable relationship and is seeking additional employment in the trucking industry. (*Id.*) He states he did suffer a setback in July 2020 when he received a misdemeanor offense for driving under the influence, but that he views the offense as a wake-up call that encouraged him not to revert to old behaviors. (*Id.*) He maintains that

1

he has been compliant with the conditions of his supervised release and that he participates in substance abuse and alcoholics anonymous programs. (*Id.*)

The United States opposes Defendant's motion and argues that the five-year mandatory minimum term of supervised release was mandated by Congress to protect the public and due to the seriousness of Defendant's crime. (ECF No. 61.)

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Additional factors to consider are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), though the Court need not "recite any 'magic words' explaining whether and how" it weighed those factors or considered relevant policy statements. 18 U.S.C. § 3583(e); *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances —such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). But, "[s]imple compliance with the conditions of supervised release are [sic] expected and not exceptional . . . ." *United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that even though the defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, it if it were, the exception would swallow the rule").

Here, the Court finds the present circumstances do not warrant early termination of Defendant's supervised release. Supervised release serves an important role toward rehabilitating persons discharged from prison and assisting their reintegration into society. *See United States v. Neal*, 810 F.3d 512, 519 (7th Cir. 2016); *United States v. Johnson,* 529 U.S. 53, 59 (2000); *United States v. Sullivan,* 504 F.3d 969, 972 (9th Cir.2007); *United States v. Armendariz,* 451 F.3d 352, 361 (5th Cir.2006). This Court sentenced Defendant to the minimum term of supervised release required in this case. Defendant has served approximately 21 months which equates to less than half of that term.

Given the seriousness of Defendant's crime and the mandatory imposition of a five-year term of supervised release, the Court finds that terminating Defendant's period of supervised release early would not be appropriate. The relevant sentencing factors also support this result.

Accordingly, Defendant's motion for early termination of supervised release is **DENIED**.

**SO ORDERED**.

                                         s/Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: February 7, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2022, by electronic and/or ordinary mail.

                                         s/Lisa Bartlett
                                         Case Manager